Wilde J.
afterward drew up the opinion of the Court. We have come to the conclusion, that the writs and attachments returned as having the right of priority to the plaintiffs’, were null and void ; and that the return, therefore, in this respect was false. The alteration of the writ, as made by the deputy, was in direct violation of the 3d section of the statute of 1783, c. 44. By that section it is provided, “ that no sheriff or b's deputy shall be allowed to draw, make or fill up any plaint, *48 declaration, writ or process, and that all such acts done by either of them shall be void.” [1] This prohibitory and nullifying clause extends as well to the filling up of any writ or process, as to the making or drawing of a declaration. The intention was to prevent the sheriff and his deputies from acting as attorneys, and in the same section they are accordingly prohibited to appear as such in any court, or before any justice of the peace ; or to draw or make any plea for any other person ; or to assist or advise any party in a suit; and all these acts also are declared void. The object of the provision was to prevent fraudulent practices, to preserve officers free from undue influences, and from the temptation of swerving from their duty, in preferring favorite creditors ; and it is a most wise and salutary provision ; and like all other provisions to prevent fraud and secure the public interest and safety, is to receive a liberal construction. It was framed according to the spirit of the 30th article of the Declaration of Rights, which prohibits the union of the executive, legislative and judicial powers of the government, or any two of them, in the same person or persons. The sheriff and his deputies have great and confidential powers intrusted to them. Their returns on writs and precepts are received as true; and are not to be controverted, except in an action for a false return, and then the falsity must be proved. The return is presumed to be true, unless the contrary be made to appear. This well established principle of law is necessary and essential for the security of these officers ; but it gives them great power, and they ought therefore, in the language of the Declaration of Rights, “to be as free, impartial and independent as the lot of humanity will admit.” To preserve them so, as far as possible, was manifestly the object of the section in question.
According to this understanding and construction of the statute, it would seem manifest that the deputy had no right to make a new writ, either by using a new blank, or by altering an old writ ; and that both acts are equally within the intention of the legislative prohibition. The intention was not to prohibit the filling of writs by unskilful persons, but to prevent the sher *49 iff and his deputies from intermeddling with their precepts, or acting as the agents of either party.
But it is by no means necessary to resort to a liberal construction of the statute, for the act of the officer is prohibited and declared void in express terms. He was not “ allowed to fill up any writ or process ; ” it is therefore only a question of fact, whether he did or did not fill up the writ in question, and most certainly he did. After having erased the date and the return day in the old writ, he filled up the blanks with a new date and a new day of return ; which was all that was necessary to make a new writ. The old writ was functus officio, and rendered null by the erasures. A new writ was then made, and wholly made by the officer. For this he had no authority, and the direction of the attorney could give him none ; it was a direction to do an act prohibited by law. The alteration was not made under the dictation of the attorney, he being present; but the officer was directed to act as the agent and attorney of the plaintiffs, and to alter the writ or not at his discretion. The alteration therefore was the act of the officer, and not of the attorney, and so was wholly void. If however it were voidable only, it may be avoided by plea, and by any one affected by the attachments.
According to the agreement of the parties, the defendant is to be defaulted.

Judgment for plaintiffs

 See Revised Stat. c. 88, § 29.